IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,446-01 AND WR-68,446-02






EX PARTE DANNY RAY LACY, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 9915504A & 9915507A IN THE 8
TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of aggravated assault
and one charge of aggravated robbery and was sentenced to twenty years' imprisonment for the
aggravated assault and life imprisonment for the aggravated robbery. He did not appeal his convictions. 

 Applicant contends, inter alia, that his plea was involuntary and his trial counsel ineffective. 
Applicant alleges that he was never advised of his appellate rights, either by the trial court or by his own
counsel. He also alleges that counsel failed to investigate, and advised him to plead guilty to both charges,
although one of them was jeopardy-barred. Applicant has alleged facts that, if true, might entitle him to
relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex.
Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall provide trial counsel with the opportunity to file an affidavit responding
to Applicant's claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with copies of the trial dockets and plea papers in both
of these causes, including the written admonishments signed by Applicant, and any transcript of the plea
proceedings. The trial court shall make findings of fact and conclusions of law as to whether Applicant
entered into an open plea, or pleaded guilty pursuant to a plea agreement. If the pleas were entered
pursuant to a plea agreement, the trial court shall make findings as to why counsel advised Applicant to
plead guilty to aggravated robbery in exchange for a life sentence. The trial court shall also make findings
as to whether the issue of double jeopardy arose during any plea discussions, and as to whether Applicant
was advised that aggravated assault was a lesser-included offense of aggravated robbery as charged in
these cases. The trial court shall make findings as to whether counsel investigated the facts of these cases,
whether counsel had sufficient time to prepare for trial, and whether counsel advised Applicant of the
appellate consequences of entering pleas in these cases. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: October 3, 2007

Do not publish